UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **EMMETT COLEMAN** § | | **CIVIL ACTION NO.**_____ |
| *Plaintiff* § | | |
| **vs.** § | | **JURY DEMANDED** |
| § | | |
| **CHEMICALS INCORPORATED** § | | |
| § | | |
| *Defendant* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.   SUMMARY OF ACTION

1. This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Emmett Coleman ("Plaintiff"). As alleged with greater particularity in the paragraphs below, Defendant, Chemicals Incorporated ("Defendant"), discriminated against Emmett Coleman by terminating his employment with Defendant because of his age in violation of the Age Discrimination in Employment Act ("ADEA").

### II.   THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff resides in Brazoria County, Texas, in Southern District of Texas.

3. Defendant has an office and does business in the Southern District of Texas, Galveston Division. Defendant can be served by serving its registered agent Ashok K. Moza at 12321 Hatcherville Rd., Baytown, Texas 77521-7700.

4. At all relevant times, Defendant has continuously been doing business in the Southern District of Texas, Baytown, Harris County, Texas, and has continually had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and

1

(h).

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas.

### III. STATEMENT OF CLAIMS

8. Since at least July 18, 2019, the Defendant has engaged in unlawful employment practices at its Baytown, Texas facilities in violation of Sections 4(a)(1) and (d) of the ADEA, 29 U.S.C. § 623(a) and (d).

9. Plaintiff is 66 years of age. Plaintiff began his employment with Defendant on or about July 2017. At the time of his termination, Plaintiff held the position of Electrical & Refrigeration Supervisor. During Plaintiff's entire employment with Defendant, Defendant never received a write-up, consultation or any kind of disciplinary action related to the performance of his employment duties. In fact, Plaintiff received a promotion from Refrigeration Technician to the Electrical & Refrigeration Supervisor approximately one year after beginning his employment with Defendant.

10. On July 18, 2019, Plaintiff was terminated from his employment by Defendant. Defendant's stated reason was that Plaintiff was "too old to do the task at hand".

11. At all relevant times, Plaintiff is and was a protected individual from illegal discrimination because of his age under the ADEA.

12. The effect of the practices complained of in paragraphs 8-10 above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his age in violation of the ADEA.

13. The unlawful employment practices complained of in paragraphs 8-18 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

14. All conditions precedent to the filing of this lawsuit have been met as required by law.

### IV.   JURY DEMAND

15. Plaintiff demands a trial by jury.

### V.   PRAYER

Plaintiff respectfully requests that this Court:

16. Order the Defendant to pay Plaintiff appropriate back wages and benefits, in an amount to be proven at trial, an equal sum as liquidated damages, and prejudgment interest;

17. Order the Defendant to make Plaintiff whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to front pay;

18. Reasonable attorney's fees, costs and litigation expenses;

19. Post judgment interest at the highest rate allowed by law; and

20. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

By: /s/ Clark Woodson III
   CLARK WOODSON III
   601 East Myrtle
   Angleton, Texas  77515
   (979) 849-6080
   State Bar No. 00794880
   S.D. Tex. No. 21481
   **Attorney for Plaintiff**